UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 23-cr-252 (KMM/JFD) |
| Plaintiff, | |
| v. | |
| Eric Marcel Turner, | |
| Defendant. | |

The Court held a final pretrial conference in this matter on February 14, 2025 and issued bench rulings on the parties' motions in limine and Defendant Eric Marcel Turner's motion to strike the venire. This Order briefly memorializes the Court's decisions.

I.   The Government's Motions in Limine

   A.  Motion in Limine No. 1 (ECF 115)

In Motion in Limine No. 1, the government asks the Court for an order precluding Mr. Turner from offering hearsay statements in the presence of the jury under Fed. R. Evid. 802. At the hearing, the motion was generally granted with the understanding that specific statements would need to be considered as issues arose at trial.

   B.  Motion in Limine No. 2 (ECF 116)

In Motion in Limine No. 2, the government asks the Court for an order precluding improper defenses, including any argument for jury nullification. At the hearing, the Court denied the motion, declining to grant it in the abstract. The government was given leave to raise a specific challenge if the defense later argued for nullification.

### C. Motion in Limine No. 3 (ECF 117)

In Motion in Limine No. 3, the government asks the Court for an order precluding Mr. Turner or his counsel from mentioning or referring to potential punishment Mr. Turner may face if convicted. At the hearing, no objection was made, and the motion was granted.

### D. Motion in Limine No. 4 (ECF 118)

In Motion in Limine No. 4, the government asks the Court for an order precluding Mr. Turner or his counsel from mentioning or arguing that actions by police officers during the investigation of this case were unconstitutional or improper. At the hearing, the motion was granted. The Court ruled that Mr. Turner may make no argument that the searches or investigatory processes in this case were unconstitutional or violated his rights. However, the Court observed that nothing about its ruling would preclude Mr. Turner from arguing that the investigation against him was flawed or that mistakes were made.

## II. Mr. Turner's Motions in Limine

### A. Motions in Limine No 1 (ECF 108)

In Motions in Limine No. 1, Mr. Turner raises several separate motions.

First, Mr. Turner moves the Court to exclude as potential exhibits DNA or other forensic reports. Forensic reports are generally hearsay as the reports are out-of-court statements of an analyst's "opinions and interpretations." The government has indicated that it will "rely solely on witness testimony to establish the forensic professionals'

respective qualifications as well as the results of the forensic testing in this case." ECF 122 (Gov's Resp. to Def's Mots. in Limine). The motion was granted.

Second, Mr. Turner moves the Court to exclude any of his "party statements" offered by the government pursuant to Federal Rule of Evidence 801(d)(2) as violative of his due process rights pursuant to the Fifth and Sixth Amendment. At the hearing, the Court denied this request based on binding precedent in the law, while observing that the issue was preserved for appeal.

Third, Mr. Turner moves the Court to exclude expert testimony by Minnesota BCA Special Agent Michael Flanagan related to fentanyl and drug trafficking as inadmissible under Federal Rules of Evidence 401, 402, and 403. At the hearing, the government agreed to narrow its presentation, and the Court determined that the remaining subjects of testimony were admissible.

Fourth, Mr. Turner moves the Court to strike from the Indictment as surplusage under Rule 7(d) of the Federal Rules of Criminal Procedure the references to "a/k/a Xavier Thomas" in reference to Mr. Turner. At the hearing, the motion was granted.

The Court struck the language from the indictment and will not make any reference to the name "Xavier Thomas" while summarizing the indictment during jury selection. The Court observed that there was no assertion from the government that Mr. Turner was actually known within the community or by his friends or family as Xavier Thomas. Instead, the name Xavier Thomas is alleged to be an alias that Mr. Turner used exclusively in furtherance of the alleged crimes in this case. Because the government sought to establish the use of this alias as a matter of critical fact at trial, and would put on evidence

3

about the alleged use of this alias, the Court determined that it would be unduly prejudicial to Mr. Turner for the Court to repeatedly read out "Eric Marcel Turner, also known as Xavier Thomas" while summarizing the indictment during opening and preliminary jury instructions. Similarly, the Court determined that it would be prejudicial for the jury to receive a copy of any indictment bearing such language while they deliberated over whether the government had proved its case, which in part would hinge on whether or not Mr. Turner and Xavier Thomas were one and the same person. Accordingly, the motion was granted.

Fifth, Mr. Turner moves to preclude the government from referring to him as a "felon" or from referring to the charge in Count Two as "felon" in possession of a firearm and asks that the Court not use the word "felon" in its jury instructions. Instead, Mr. Turner asks the government and Court to instead use the phrase "prohibited person in possession of a firearm." At the hearing, this motion was granted in part and denied in part. The Court ruled that it would use the word "felon" when reading or summarizing count two as it appears in the indictment. The Court also ruled that it would use the word "felon" where it appears in relevant model jury instructions provided by the Eighth Circuit of Appeals. However, the Court ruled that it would not use the word "felon" generally to describe Mr. Turner, and would similarly prohibit the government from referring to Mr. Turner as a

felon, either in its opening or closing arguments, and from eliciting testimony that invited use of that word.

Sixth, Mr. Turner moves this Court for an Order sequestering witnesses with the exception of one case agent for each party. The government did not object, and the motion was granted.

**B. Motions in Limine No. 2 (ECF 127)**

In Motions in Limine No. 2, Mr. Turner raises two additional issues.

First, he moves to exclude Mr. Turner's statement, "I'm going back to prison for a long time, oh my god. . . . Probably the rest of my life, I don't know," pursuant to Rule 403. This statement, made at the time of Mr. Turner's arrest, was the subject of an earlier motion to suppress filed by Mr. Turner, which was based on a lack of a *Miranda* warning. The Court previously denied this motion, leading to Mr. Turner's alternative-grounds motion in limine. At the hearing, the Court denied the motion, concluding that the probative value of the statement—mostly going toward consciousness of guilt—was not substantially outweighed by any danger of unfair prejudice to Mr. Turner resulting from the jury hearing his statement.

Second, Mr. Turner moves to exclude expert testimony of ATF Special Agent Bryan Lervoog related to the interstate nexus element of the firearms charge with which Mr. Turner is charged. In part, Mr. Turner's argument is based on his understanding that Special Agent Lervoog's testimony that the firearm in this case was not manufactured in Minnesota, and therefore crossed state lines, would be based on his reference to an ATF database that had not been disclosed to defense counsel and that defense counsel had not

5

been able to independently access. The Court denied this motion, to the extent that Mr. Turner contended that Special Agent Lervoog was not qualified to testify as an expert about firearms and firearms manufacturing. The Court also found that Special Agent Lervoog based his opinion on many more things than the ATF database. Following the hearing, counsel for the government agreed to work with defense counsel to provide access to the database in question. At the start of trial, defense counsel confirmed that he had been able to view the database relied upon by Mr. Lervoog, and withdrew his objections based on any failure to disclose.

### C. Motion in Limine No. 3 (ECF 133)

In his Motion in Limine No. 3, Mr. Turner moves to exclude evidence related to rental documents, which had been the subject of two Rule 16(a) disclosures, on January 10, 2025, and February 10, 2025, as untimely. At the hearing, the Court denied this request. Defense counsel raised strenuous arguments that both disclosures were made late, without a proper explanation, and were indicative of an alleged broader pattern of late disclosures from the United States Attorney's Office for the District of Minnesota. But the Court observed that Mr. Turner made no argument that he had been prejudiced by the timing of the disclosures, and disagreed that the government's explanation for the timing of the disclosures was inadequate. Moreover, the Court observed that the evidence actually likely to be relevant was disclosed on the earlier date, roughly 6 weeks before trial, and its specific

contents had been known by everyone for many months before that. Accordingly, the motion was denied.

### III.   Mr. Turner's Motion to Strike the Venire (ECF 137)

Mr. Turner has also sought to strike the jury venire for his trial, based on an argument that the jury does not represent a fair racial cross-section of his community and therefore violates his Sixth Amendment rights. At the pre-trial conference, the Court declined to strike the venire and cancel the trial. Instead, the Court indicated that, if Mr. Turner was convicted, it would welcome more fulsome post-trial briefing on Mr. Turner's arguments concerning the constitutionality of the racial composition of the jury pool. In doing so, the Court concluded that by proceeding to trial despite Mr. Turner's motion and over his objections, the Court would still be able to grant Mr. Turner the same relief after trial as it could before trial. The Court's understanding on this point was agreed to by both parties.

**IT IS SO ORDERED**.

Date: February 24, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge