UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 23-cr-252 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Eric Marcel Turner, | |
| Defendant. | |

Before the Court is Defendant Eric Marcel Turner's Second Motion for Disclosure of the Racial Composition of the Jury Pool. ECF 151. For the following reasons, the motion is **GRANTED**.

Mr. Turner was found guilty of possessing fentanyl with the intent to distribute, possession of a firearm in furtherance of a drug-trafficking crime, and possession of a firearm as a felon. Prior to trial, Mr. Turner sought discovery about the racial composition of his jury venire (ECF 120) and then moved to strike that venire as failing to represent a fair racial cross-selection of the community (ECF 137). The Court declined to rule on the motion to strike during the immediate run-up to trial, determining that it could afford Mr. Turner the same relief after a verdict was rendered as it could before. Following trial, Mr. Turner filed the instant motion seeking discovery into the racial composition of the entire jury pool from which his venire was drawn. *See* ECF 151 at 1–2.

All litigants in federal courts are entitled under the Jury Act to a trial by a jury selected at random from a fair cross section of the community. 28 U.S.C. § 1861. The Jury

Act expressly prohibits discrimination in the federal jury selection process on account of race, color, religion, sex, national origin or economic status. 28 U.S.C. § 1862. In assessing a fair-cross section challenge to the racial composition of a jury, courts look to the composition of the entire jury pool as compared with the community at large, not simply at those individuals who comprised a specific jury or jury venire. *See United States v. Erickson*, 999 F.3d 622, 627 (8th Cir. 2021) ("It is the number of [the distinctive group] in the jury pool, not the number who showed up for jury selection in a particular case, that is relevant to assessing the merits of a fair cross section challenge"); *United States v. Reed*, 972 F.3d 946, 954 (8th Cir. 2020) ("[The defendant] must show that the representation of this group in the pool of potential jurors is not fair or reasonable in relation to the percentage of this group in the community.").

Accordingly, the Court concludes that Mr. Turner is entitled to discovery concerning the racial composition of the jury pool from which his jury was drawn, as well as additional information related to that inquiry. *See* ECF 151 at 2. Documents responsive to his request will be filed subject to a separately filed Protective Order, pursuant to 28 USC § 1867(f).

**IT IS SO ORDERED**.

Date: April 8, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge
