**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Eric Marcel Turner,

Defendant.

Case No. 23-cr-00252 (KMM/JFD)

**ORDER ON DEFENDANT'S MOTION FOR GRAND JURY MATERIALS**

---

Eric Marcel Turner has moved the Court to disclose information about the grand jury in his case, including the date on which the grand jury was convened, transcripts of witness testimony before the grand jury, and "all the evidence" associated with the convening. (Dkt. 247 at 2.) At this time, his Motion is denied.

A court may authorize the disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Fed. R. Crim. P. 6(e)(3)(E)(ii). Grand jury information can also be disclosed "in connection with a judicial proceeding[.]" Fed. R. Crim. P. 6(e)(3)(E)(i). The Supreme Court has held that "disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy," and that the party seeking the grand jury information bears the burden of establishing the need for disclosure. *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979). When a defendant seeks disclosure, he must show a "particularized need" for the information sought. *Id.* And any concerns about secrecy are not lessened simply because

the grand jury's work and even the related trial are concluded. *E.g.*, *United States v. McDougal*, 559 F.3d 837, 840–41 (8th Cir. 2009) (declining to order disclosure because movant failed to show a particularized need, despite the fact that the proceedings at issue were long over).

The Court finds that Mr. Turner has not made the required showing of particularized need in this case. He offers no support for his suggestion that the grand jury materials, including the date and time it convened, would support a motion to dismiss his indictment or otherwise challenge his conviction. *See, e.g.*, *United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (affirming a district court's denial of motion for disclosure of grand jury transcripts on the ground that the showing made in support of the request was insufficient). For instance, Mr. Turner does not explain or document that the transcripts are likely to contain exculpatory evidence, nor that they are likely to reflect misconduct before the grand jury. And he offers no explanation for how the date and time of the grand jury meeting could be relevant to any claim. Absent such a showing, grand jury materials must remain secret.

For those reasons, Mr. Turner's Pro Se Motion for Grand Jury Materials is hereby **DENIED**.

Date: November 25, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge